# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS McCLAIN GUINN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20cv753 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MELVIN DAVIS, WARDEN, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Respondent. | ) | |

Thomas McClain Guinn (hereafter, "Petitioner" or "Guinn"), a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions in Bedford County Circuit Court for burglary, grand larceny, and possession of a firearm by a non-violent felon. The respondent has filed a motion to dismiss. After reviewing the record, the court concludes that Guinn's petition is untimely, his issue is procedurally defaulted, and the issue is not cognizable in this federal habeas claim.

## I.    Factual Background and Procedural History

According to the Bedford County Sheriff's Office incident report, on or about August 24, 2011, Deputy Goyne interviewed Emory Large regarding a suspected larceny from Large's vacation residence. Large reported that someone had entered his home and removed several rifles and knives. When asked if anyone in the family might have taken the items, Large suggested that Guinn may have taken them, noting that Guinn was a family member who had been in trouble before and was currently incarcerated in the Pittsylvania County Jail. Doc. from Pet. at 7, ECF No. 24.

After verifying that Guinn was in the Pittsylvania County Jail, Deputy Goyne interviewed Guinn at the Pittsylvania County Sheriff's Office on September 2, 2011. After being advised of his rights, Guinn admitted taking the guns and knives, but denied breaking in, saying that he used a key that had been hidden outside the residence. Guinn told the officer that he had sold the knives to a guy on the "pocket." The next day, Deputy Goyne traveled to the "pocket" area of Hurt and spoke with Jerry Dawson, who admitted that he bought some knives for $20 about three weeks earlier. Dawson gave the knives to Deputy Goyne. *Id.* at 7–8.

On September 4, 2011, Dawson met with Deputy Goyne at the Altavista Fire Department, where Dawson picked Guinn's picture from a photo lineup. On September 7, 2011, Deputy Goyne met with Large's nephew, Harold Miller, who identified the knives Goyne had received from Dawson as knives that were missing from the vacation home. *Id.* at 8. Thereafter, Deputy Goyne secured arrest warrants for Guinn, charging him with grand larceny in violation of Virginia Code Ann. § 18.2-95, burglary in violation of Virginia Code Ann. § 18.2-91, and possession of a firearm after being convicted of a non-violent felony, in violation of Virginia Code Ann. § 18.2-308.2. CCR[1] at 13–22.

Guinn waived his preliminary hearing on December 19, 2011, and on March 30, 2012, he pled guilty to all three charges after completing a guilty plea form and colloquy in open court. The parties stipulated the facts provided by the Commonwealth's Attorney, and the

---

[1] References to the Bedford County Circuit Court criminal case record will be cited as "CCR," using the typed page numbers at the bottom center of each page. References to the first state habeas case, File No. CL18003063, will be cited as "HR1," using the typed page numbers at the bottom center of each page. References to the second state habeas case, File No. 20001409, will be cited as "HR2," using the typed page numbers at the bottom center of each page.

court deferred adjudication pending preparation of a presentence report. *Id.* at 31–34. On June 8, 2012, following receipt of the presentence report, the court found Guinn guilty of all charges and sentenced him to two years on each count, to run consecutively, for a total sentence of six years, a sentence within the guideline range. Final judgment was entered June 12, 2012. *Id.* at 47–48. Guinn did not appeal his conviction or sentence.

Guinn filed his first state petition for habeas corpus in Bedford County Circuit Court on November 27, 2018, raising four claims: *Brady*[2] violations for failing to disclose an eyewitness-identification statement, failure to disclose impeachment evidence and to preserve the photos used in the photo lineup, ineffective assistance of counsel, and denial of his constitutional right to confront and cross-examine two witnesses. HR1 at 4–5. By order entered December 7, 2018, the court dismissed the petition, noting that it was time-barred and without merit. *Id.* at 87–96. The Supreme Court of Virginia found no error and refused the appeal on October 7, 2019, and denied rehearing on November 22, 2019.

On November 15, 2019, Guinn filed a motion to vacate the judgment order in his case, alleging that it was void because the court failed to impose a term of post-release supervision, which is mandatory under Virginia Code Ann. § 19.2-295.2(A). CCR at 224–225. The court denied the motion on March 25, 2020 (*id.* at 249), and the Supreme Court of Virginia refused his appeal on December 9, 2020, finding no error in the judgment below. The Supreme Court denied rehearing on May 21, 2021.

---

[2] *Brady* violations are named after *Brady v. Maryland*, 373 U.S. 83 (1963) (recognizing a prosecutor's constitutional duty to disclose potentially favorable evidence in its possession to the defendant before trial).

On April 29, 2020, Guinn filed a second state habeas petition in Bedford County Circuit Court, again alleging that his detention was illegal because the judgment order is void, as argued in his motion to vacate filed in November 2019. HR2 at 4. The court dismissed this petition September 4, 2020, on the grounds that it was successive, time-barred, and without merit. *Id.* at 53. Guinn did not appeal that decision.

On or about December 10, 2020, Guinn filed the present § 2254 petition, alleging that the judgment order of June 12, 2012, is void *ab initio* for failure to include post-supervision release as mandated by Virginia Code Ann. § 19.2-295.2(A). The respondent has filed a motion to dismiss, alleging that the petition is untimely, unexhausted, and without merit. Guinn submitted a reply in opposition to the government's motion. The matter is now ripe for decision.

## II. Standard of Review and Limitations on Federal Habeas

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts reviewing constitutional claims adjudicated on the merits in state court may grant relief on such a claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Congress also placed a statute of limitations on when a petition may be filed. 28 U.S.C. § 2244. Finally, a federal district court reviewing a § 2254(a)

petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds.

The standard of review and these procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

### III. Analysis of Claim

Under the unique facts of this case, the merits of Guinn's claim are inextricably intertwined with the procedural issues of timeliness, exhaustion, and procedural default. If, as Guinn contends, the judgment of the trial court is completely void, then it is a nullity. *Porter v. Commonwealth*, 661 S.E.2d 415, 427 (Va. 2008). Because a void order is a nullity, it can be challenged and set aside anytime, anywhere, by any person; it is, in effect, no order at all, and the normal procedural limitations on challenging a void order do not apply. *Riddick v. Commonwealth*, 842 S.E.2d 419, 424 (Va. Ct. App. 2020).

A void order is one that lacks subject-matter jurisdiction, the lawful power to adjudicate a type or class of case which is conferred on a state court by the state's constitution or statutes. *Cilwa v. Commonwealth*, 836 S.E.2d 378, 381 (Va. 2019). The Constitution of Virginia vests courts in Virginia with the judicial power to decide classes of cases and controversies as determined by the General Assembly. Va. Const. art. 6, § 1. Through Virginia Code § 17.1-513, the General Assembly has established the subject-matter jurisdiction of Virginia circuit courts; among other matters, Virginia circuit courts have original and general subject-matter

jurisdiction over all criminal cases in which an appeal may be had to the Supreme Court. If a different tribunal, such as the General District Court, had accepted Guinn's felony guilty plea and imposed sentence, that judgment would be void, because General District Courts have no jurisdiction over felony charges beyond certification of probable cause. *See* Va. Code Ann. § 16.1-123.1.

Other types of jurisdiction must also exist before a court has authority to act in a criminal case, such as jurisdiction over the person and/or the place where the crime occurred. *Riddick*, 842 S.E.2d at 424. Once the court has acquired jurisdiction—or authority over the case and the defendant—"[s]everal procedural statutes govern the proper use of a court's authority," but failure to comply with these procedural statutes, however mandatory they may be, is an error that does not rise "to the same level of gravity as a lack of subject[-] matter jurisdiction." *Cilwa*, 836 S.E.2d at 382. Subject-matter jurisdiction focuses on the subject of the case, not the particular proceeding that may be one part of the case. *Id.*

The Code sections relied upon by Guinn, Virginia Code Ann. §§ 19.2-295.2 (A), 19.2-307, and 18.2-10, are procedural statutes addressing the proper exercise of the court's authority during the sentencing phase of criminal cases, but they do not confer the jurisdiction over criminal cases in their entirety. That jurisdiction is conferred by Virginia Code Ann. § 17.1-513, as noted above. Because the statutes cited by Guinn only address the proper exercise of the court's authority and *not* its jurisdiction, violation of those statutes constitute grounds for reversal only if objection is made in the proper manner and at the proper time. In other words, such objections are subject to the statute of limitations, procedural default, and the other limitations on federal habeas challenges.

As previously indicated, in habeas cases, a federal court may consider only those claims alleging violation of the United States Constitution, federal law, or treaties. The existence and scope of state court jurisdiction over state criminal matters is a matter of state law, not a federal issue for habeas consideration. Accordingly, the court must defer to the state court's determination of its own jurisdiction, and that issue is not cognizable in habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

**A. Timeliness**

Guinn's petition was clearly filed well over one year after the state court judgment became final. Under 28 U.S.C. § 2244(d)(1), the state judgment became final when the period in which Guinn could have sought appellate review expired. He had 30 days to appeal the judgment to the Court of Appeals of Virginia; that 30-day window expired on July 12, 2012, meaning that the statute of limitations expired on July 12, 2013. Guinn has offered no exception to the statute of limitation other than his jurisdictional argument, which has been rejected by the state and is not cognizable in this federal habeas action.

**B. Exhaustion**

A habeas petitioner is required to exhaust his claims in state court before those claims can be considered in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his claim to the highest state court, on the merits, before he is entitled to seek federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732.

Respondent contends that Guinn did not exhaust the claim that his state court judgment is void, because the issue was not raised on direct appeal from his judgment of conviction, nor did Guinn appeal the denial of this claim in his state habeas petition. The statute, however, does not require that the issue be presented to the highest state court solely in a habeas appeal. So long as the state's highest court had the opportunity to consider the issue on the merits, the claim is exhausted. Guinn filed a motion in the Bedford County Circuit Court seeking to set aside the judgment as void, which the court denied. CCR at 224–225, 249. Guinn appealed the court's decision, and the Supreme Court of Virginia issued its order on December 9, 2020, refusing the appeal because the "Court [was] of the opinion there is no reversible error in the judgment complained of." *Guinn v. Commonwealth*, No. 200556 (Va. December 9, 2020). That was a decision on the merits, albeit unfavorable to Guinn, from the highest court in Virginia. That is sufficient to meet the exhaustion requirement, and thus exhaustion is not a basis to defeat Guinn's present habeas action.

**C. Procedural Default**

A separate but closely related issue is the doctrine of procedural default. If a state court has clearly and explicitly denied a petitioner's claim based on a state procedural rule that provides an independent and adequate ground for the state court's decision, that claim is procedurally defaulted for purposes of federal habeas review. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). A state procedural rule is independent if it does not depend on a federal constitutional ruling, and it is adequate if it is firmly established and regularly applied by the state court. *Yeatts v. Angelone*, 166 F.3d 255, 263–64 (4th Cir. 1998).

When the Bedford County Circuit Court dismissed Guinn's second habeas petition, raising the same jurisdictional issue raised in the current petition, the court found the claim procedurally barred as successive and untimely. HR2 at 52–53. Guinn did not appeal that decision to the Supreme Court of Virginia, and the time to do so has expired. Accordingly, Guinn's federal habeas claim is procedurally defaulted. Although procedural default may be overcome by showing good cause for the default and actual prejudice from the error, Guinn has not offered any cause for defaulting the issue, nor has he shown any prejudice. Further, because the petition is also untimely, the court need not address the highly unlikely possibility that Guinn might overcome procedural default.

## IV. Conclusion

For the reasons discussed above, the court will grant the respondent's motion to dismiss the petition as untimely, procedurally defaulted, and not cognizable in federal habeas.

Further, when issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003); *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a

constitutional right. *Gonzales v. Thaler*, 565 U.S. 134, 140–41 (2012). Guinn has not made such showings in this case.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to all counsel of record.

**ENTERED** this 15th day of July, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE